IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| In re: Demetrice Antonio Jones | ) | Case No. 15-35268-KLP |
| | ) | |
| Cheryl Dionne Jones, | ) | |
| | ) | |
| Debtors | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| | ) | |
| Demetrice Antonio Jones | ) | |
| and | ) | |
| Cheryl Dionne Jones,       Plaintiffs | ) | |
| | ) | |
| Vs. | ) | AP No:_____ |
| | ) | |
| Ole Towne Motors, Inc., | ) | |
|                                Defendant | ) | |
| Serve: | ) | |
| William David Mueller, Registered Agent | ) | |
| 544 East Washington Street | ) | |
| Petersburg, VA 23803 | ) | |

COMPLAINT TO RECOVER PROPERTY OF THE BANKRUPTCY ESTATE

COME NOW the Debtors, Demetrice Antonio Jones and Cheryl Dionne Jones, by counsel, and hereby moves this Honorable Court to order the Defendant to turn over Debtors' property, and in support hereof states as follows:

JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 since the instant dispute arises as a result of and is related to the above referenced matter.
2. This is a core proceeding within the meaning of 28 U.S.C. §157.
3. This is an Adversary Proceeding within the meaning of Rule 7001 of the bankruptcy Rules.

FACTS

4. On October 12, 2015, Debtor filed for relief pursuant to a Chapter 13 Petition in the United States Bankrupcy for the Eastern District of Virginia, Richmond Division. Carl M. Bates (the "Trustee") was appointed Trustee of this bankruptcy estate.

5. Prior to filing the Chapter 13 Petition, Debtor Demetrice Antonio Jones purchased a 2002 Cadillac Escalade from Defendant Ole Towne Motors.

6. At the time of the Chapter 13 Petition, the said 2002 Cadillac Escalade, (hereinafter referred to as the "Cadillac"), was financed by Westlake Financial Services, (hereinafter "Westlake"), which held a secured loan in the amount of $6,450.00.

7. The Cadillac constitutes a part of the Debtors' bankruptcy estate.

8. On belief of counsel, the Cadillac was repossessed by Old Towne Motors prior to the filing of Debtors' case, Old Towne Motors claiming the right to do so pursuant to the financing agreement between Old Towne Motors and Westlake.or Melissa

9. Westlake is listed on the list of creditors filed in Debtors' chapter 13 case.

10. Old Towne Motors was advised of the Chapter 13 filing by America Law Group, Inc. not later than October 15, 2015. Debtors' attorney, Brian K. Stevens, spoke directly with David Mueller, who represented himself to counsel as the owner of Old Towne Motors, on several occasions to make arrangements for the Debtor to retrieve the car and to make arrangements for payment of the balance due through the Chapter 13 plan, and counsel also spoke on several occasions with a lady named Melinda or Melissa Boisseau, who represented herself as authorized to act on behalf of Old Towne Motors, also in attempts to make arrangements for the return of the Cadillac to the Debtors.

11. The last contact between Debtors' counsel and Ms. Boisseau was on October 27, 2015, at which time Ms. Boisseau told counsel that she would call back to arrange a time for Mr. Jones to pick up the Cadillac, but no such call has been received by counsel as of the filing of this motion.

12. The creditor, Westlake, has received notice of the filing of the Chapter 13 Bankruptcy from the Bankruptcy Court.

13. Debtors, by counsel, have demanded possession of the Cadillac pursuant to the automatic stay and turnover provisions of the Bankruptcy Code.

14. Old Towne Motors has thus far failed to return the Cadillac to Mr. Jones or to make arrangements for Mr. Jones to regain possession of the Cadillac.

15. To the best knowledge of the Debtors, the Cadillac has not been sold as of this date.

16. Debtors' attorney has advised Old Towne Motors that it cannot sell the Cadillac as it is now property of the bankruptcy estate.

ARGUMENT

17. The Debtors' Chapter 13 Plan meets all standards for Confirmation and meets the requirements of law.

18. Westlake's security interest in the Cadillac is adequately protected in the bankruptcy plan.

19. Upon information and belief, Debtor maintains full insurance coverage on said vehicle, and has provided proof of such coverage to Old Towne Motors.

20. Debtors assert that this property is essential to their reorganization as both Debtors work and the Cadillac is one of only two vehicles that they own and rely upon for transportation to and from work.

21. Old Towne Motors must be required to return the Cadillac to Mr. Jones pursuant to In re Moffett 356 F.3d 518 (4TH Cir., 2004).

22. The continued possession of the Cadillac by Old Towne Motors, Inc. and refusal to return it to the Debtor is an attempt to collect a debt in violation of the Automatic Stay of 11 U.S.C. § 362 (a)(3) and of the turnover provisions of the Bankruptcy Code and violates the rights of the Debtor and the Bankruptcy Estate to redeem the car under Virginia law. See Va. Code sections 8.9A-609, 623 (2003).

23. The actions of Old Towne Motors, Inc. have caused irreparable harm to the Debtors, including increased expense, extreme inconvenience, and attorney's

fees incurred in bringing this action to force compliance with the Automatic Stay. Therefore, pursuant to 11 U.S.C. § 542, the Debtors pray that Old Towne Motors, Inc. be Ordered pay reasonable attorney's fees and costs for a willful violation of the Automatic Stay.

WHEREFORE, the Debtors, by counsel, respectfully pray that the Court order Old Towne Motors, Inc. to immediately return the subject vehicle to the Debtor, to further order Defendant to pay Plaintiff's attorney's fees and costs incurred in this Adversarial Proceeding, consequential and compensatory damages as may be proven by the evidence, and for all other relief this Honorable Court deems proper.

        Respectfully submitted,
        Demetrice Antonio Jones
        Cheryl Dionne Jones

        By: /s/ Brian K. Stevens
            Counsel for Debtors

Brian K. Stevens, Esquire
VSB# 25974
America Law Group, Inc.
2312 Boulevard
Colonial Height, VA 23834
804-520-2428

Certificate of Service

I hereby certify that on this 3nd day of November, 2015, a true and exact copy of the foregoing was mailed first class postage pre-paid to William David Mueller, Registered Agent, Old Towne Motors, Inc., 544 East Washington Street, Petersburg, VA 23803.

        /s/ Brian K. Stevens
        Brian K. Stevens, Esquire