**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| **In Re: Demetrice Antonio Jones** | | |
| **& Cheryl Dionne Jones** | ] | Case. No. 15-35268-KLP |
| | ] | |
| **Debtors.** | ] | Chapter 13 |
| | ] | |
| **Demetrice Antonio Jones** | ] | |
| **& Cheryl Dionne Jones** | ] | Adversary Proceeding |
| | ] | No.: 15-03459 |
| **Plaintiff,** | ] | |
| v. | ] | |
| | ] | |
| **OLD TOWN MOTORS, INC** | ] | |
| | ] | |
| **Defendant.** | ] | |

**MOTION FOR PRELIMINARY INJUNCTION
AND TURNOVER PENDING COMPLAINT**

1. Plaintiffs are the Debtors in the above-captioned chapter 13 case. This Court has original jurisdiction over this action, which arises in a case under the Bankruptcy Code and concerns property of the estate, pursuant to 28 U.S.C. 1334. This proceeding is a core proceeding.

2. Certain of Plaintiffs' exempt property, which is property of the estate as defined by 11 U.S.C. § 541, to wit an automobile in which they have an interest, is in the possession of Defendant.

3. At the time their petition was filed, Debtors gave notice of the filing to Defendant, through counsel.

4. Defendant refused to turnover the property demanding payment in full of its security interest to release the property.

5. Under 11 U.S.C. § 1306, Debtors are entitled to possession of all property of the estate.

6. Plaintiffs have provided Defendant adequate protection by offering to pay Defendant in full through their Chapter 13 plan and by providing proof of automobile insurance.

7. Debtors have the right to redeem the property under Va. Code § 8.9A-623 and that right has become part of the bankruptcy estate pursuant to 11 U.S.C. 541. See also Tidewater Finance Company v. Moffett, 356 F.3d 518 (4th Cir, 2004).

8. Nonetheless, Defendant has refused to turn over Debtors' automobile as required by 11 U.S.C. § 542.

9. Debtor filed an Adversary Proceeding on November 03, 2015 to force the turnover. Counsel for the plaintiff has made diligent effort to obtain the release of the vehicle in question, and the failure of the defendant to return the vehicle has done and will continue to do severe harm to the financial prospects of the plaintiff to maintain their Bankruptcy estate.

10. The actions of the defendant are harmful to the estate and to all creditors.

11. Failure to turnover the vehicle at this time will cause irreparable harm to the Plaintiff, whereas damages are available to the defendant.

WHEREFORE, the plaintiffs request that this court enjoin any sale of the motor vehicle in question and order the defendants to turnover the vehicle to the plaintiffs pending the outcome of the underlying adversary proceeding.

DATED: November 5, 2015         /s/Brian K Stevens , Esq
                                Brian K. Stevens, Esq VSB~25974
                                America Law Group, Inc
                                Counsel for Plaintiff
                                2312 Boulevard
                                Colonial Heights, VA 23834
                                804-520-2428
                                804-518-5121 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically served and/or mailed first class, postage prepaid to: Old Town Motors, Inc. C/O William David Mueller 544 East Washington Street, Petersburg VA 23803 on this 5th day of November, 2015.

DATED: November 5, 2015         /s/Brian K Stevens , Esq
                                Brian K. Stevens, Esq VSB~25974
                                America Law Group, Inc
                                Counsel for Plaintiff
                                2312 Boulevard
                                Colonial Heights, VA 23834
                                804-520-2428
                                804-518-5121 (fax)